# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ABSOLUTE NEVADA LLC,

    Plaintiff,

vs.

Case No. 3:18-cv-577-J-34JRK

CRUISE AMERICA ASSOCIATES LLC and
ROBERT F. LAMBERT,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on April 27, 2018, by filing a two-count Complaint (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count Two of the Complaint incorporates by reference all allegations of all the preceding count. See Complaint at 7.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").[1]

---

[1] The Court notes that Plaintiff Absolute Nevada LLC (Absolute) invokes 28 U.S.C. §§ 1331 and 1333(1) as the basis for this Court's subject matter jurisdiction over this action, and "[a]dditionally or alternatively" diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Complaint ¶¶ 1-3. Because Absolute will be filing an amended complaint, the Court takes this opportunity to observe that Absolute fails to establish this Court's diversity jurisdiction over this action in that Absolute does not adequately allege its own citizenship or that of Defendant Cruise America Associates LLC (CAA).

The Eleventh Circuit Court of Appeals instructs that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id. Here, Absolute alleges that it is a "Nevada limited liability company with its registered address" in Las Vegas, Nevada, and CAA is "a limited liability company with its principal place of business" in Ft. Lauderdale, Florida. See Complaint ¶¶ 4-5. However, without knowledge of the identity and citizenship of the members of Absolute Nevada and CAA, the Court cannot determine

Accordingly, it is hereby

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **May 21, 2018**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on May 7, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

whether complete diversity exists between Plaintiff and Defendants. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). As such, the Court is unable to determine whether it has diversity jurisdiction over this action. While Absolute also appears to invoke the Court's admiralty jurisdiction, to the extent Absolute intends to rely on diversity jurisdiction as the basis for this Court's subject matter jurisdiction over this action, Absolute must correctly allege its citizenship and that of CAA in the amended complaint.